Filed 5/13/14  P. v. Riley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOHN WARREN RILEY,<br><br>　　　Defendant and Appellant. | D064572<br><br><br><br>(Super. Ct. No. SCE330082) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Harmon Reed Webb for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


In April 2013, John Warren Riley pleaded guilty to unlawfully taking a vehicle and being in possession of a controlled substance (Case C, SCE328715).  In July 2013, Riley pleaded guilty to petty theft with priors, a felony (the instant case, Case B, SCE330082).  He also admitted allegations that he had a prison prior, two strike priors and that he committed the charged offense while released from custody pending

judgment on an earlier offense (Pen. Code, § 12022.1, subd. (b)). (Undesignated statutory references are to the Penal Code.) At the same time, Riley pleaded guilty to possessing a controlled substance and the misdemeanor offense of giving false information to a peace officer (Case A, SCE331018). He also admitted allegations that he had a prison prior, two strike priors and that he committed the charged offense while on bail.

At a later sentencing hearing, the court stated that it had reviewed correspondence from Riley and Riley's mother. It found Riley was not a suitable candidate for probation and sentenced him in Case A to a total term of four years and eight months, consisting of the low term of 16 months for count 1, doubled to 32 months because of a strike prior conviction, and then ordered 24 months, to be served consecutively, for the section 12022.1 allegation. On count 2, it ordered 180 days, concurrent with count 1 and struck the prison prior. The court granted 72 days of credit for time served and an additional 72 days for conduct credits, for a total of 144 days. It ordered a section 1202.4 restitution fine of $2,500, with the same amount stayed pending completion of parole (§ 1202.45). Finally, it required Riley "pay the normal fees and costs associated with the commit."

For the instant case, the court exercised its discretion to strike the prior strike conviction allegations, the prison prior and the section 12022.1 allegation. It ordered that Riley serve the middle term of two years concurrently with the sentence in Case A. The court granted 70 days of credit for time served and an additional 70 days for conduct credits, for a total of 140 days. Restitution orders under sections 1202.4 and 1202.45

2

were set at $500 each and he was required to pay "normal fees and costs associated with the commit."

As to Case C, the court sentenced Riley to the middle term of two years on both counts, to be served concurrently with each other and the term in Case A. The court granted 73 days of credit for time served and an additional 72 days for conduct credits, for a total of 145 days. Restitutions orders under sections 1202.4 and 1202.45 were set at $500. Finally, the court disposed of two trailing misdemeanor cases by revoking probation, reinstating it on the condition that Riley serves a jail term in the amount of his previously earned credits and then it terminated probation in both cases.

Defense counsel filed two virtually identical notices of appeal for the instant case. The other cases on which Riley was sentenced were not referenced. The notices stated that the appeal was based on the sentence and other matters occurring after the plea that did not affect the validity of the plea.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. He presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), he listed as possible but not arguable issues, whether (1) the notice of appeal could be construed to address all three cases, and (2) the court erred when it failed to specify the basis for each fine or fee and conduct a hearing on Riley's ability to pay. We granted Riley permission to file a brief on his own behalf. He has not responded.

3

Our review of the record pursuant to *Wende*, including the possible issues listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal. Competent counsel has represented Riley on this appeal.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

BENKE, J.